1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                     FOR THE DISTRICT OF ARIZONA

8

9    Alejandro R. Garcia,                         No. CV17-0804-PHX-DGC

10                        Plaintiff,              **ORDER**

11   v.

12   LaPaz Regional Hospital,

13                        Defendant.

14          Plaintiff Alejandro R. Garcia filed a complaint on January 30, 2017 in LaPaz

15   County Superior Court against LaPaz Regional Hospital.  Defendant LaPaz Regional

16   Hospital removed the case to this Court on March 16, 2017.  Doc. 1.  On March 17, 2017,

17   Defendant filed a motion for screening and motion for stay.  Doc. 3.  The Court will

18   dismiss the complaint for failure to state a claim.

19   **I.     Legal Standard.**

20          Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that

21   states a claim for relief must contain . . . a short and plain statement of the claim showing

22   that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a).  This short and plain statement

23   "need not contain detailed factual allegations; rather, it must plead 'enough facts to state

24   a claim to relief that is plausible on its face.'"  *Clemens v. DaimlerChrysler Corp.*, 534

25   F.3d 1017, 1022 (9th Cir.2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

26   (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard

27   ... asks for more than a sheer possibility that a defendant has acted unlawfully").  Legal

28   conclusions couched as factual allegations are not given a presumption of truthfulness

and "conclusory allegations of law and unwarranted inferences are not sufficient." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir.1998).  Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir.1997).

**II.     Plaintiff's Complaint.**

Plaintiff's complaint consists of two paragraphs.  He demands $103,300, and asserts that "urine was extracted from his body without a warrant and against his will." Doc. 1-1 at 5.  Plaintiff alleges "negligence, criminal liability, misconduct and unusual pain by staff constituting medical malpractice and injury[.]" *Id.*  Plaintiff appears to be alleging a violation of his Fourth Amendment rights. *Id.*  The complaint contains virtually no facts and fails to state a plausible claim for relief.  The Court also notes that the complaint fails to identify the specific defendants being sued or the actions of those defendant that give rise to liability.

**III.     Leave to Amend and Plaintiff's Obligations.**

In this circuit, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).  The Court will dismiss the complaint without prejudice and allow Plaintiff to file an amended complaint, consistent with this order, that properly states a claim for relief.  Plaintiff shall have until **April 14, 2017** to file an amended complaint.

Plaintiff is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office.  For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, … (2) a short and plain statement of

the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed.R.Civ.P. 8(a).  These pleading requirements shall be set forth in separate and discrete paragraphs.  Rule 8(d) provides that each such paragraph "must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1).

The "short and plain statement of the claim" required by Rule 8(a)(2) must not only designate a cause of action, but must also include enough factual allegations to render the claim plausible. *Iqbal*, 556 U.S. at 677.  If Plaintiff chooses to file an amended complaint asserting constitutional violations by federal or state officials, his pleading should include a statement of the constitutional rights Plaintiff believes to have been violated, how each right was violated, how each defendant contributed to the violation, and what injury was caused by each alleged constitutional violation.   Such factual allegations must provide enough information to "allow[ ] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).   *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir.1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED:**

1.      Defendant's motion for screening (Doc. 3) is **granted.**

2.      Plaintiff's complaint (Doc. 1) is **dismissed without prejudice**.

3.      Plaintiff shall have until **April 14, 2017** to file an amended complaint.

4.      The Clerk of Court shall terminate this action without further order of the Court if Plaintiff fails to file an amended complaint by April 14, 2017.

Dated this 24th day of March, 2017.

_____
David G. Campbell
United States District Judge